OPINION
{¶ 1} On July 10, 2007, appellant, Clifton Ridgway, was arrested and charged with one count of aggravated menacing in violation of R.C. 2903.21 and one count of domestic violence in violation of R.C. 2919.25. Said charges arose from an incident involving appellant's wife, Mary Ridgway.
 {¶ 2} A jury trial commenced on August 8, 2007. The jury found appellant not guilty of the menacing count and guilty of the domestic violence count. By judgment entry filed August 8, 2007, the trial court sentenced appellant to thirty days in jail.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE TRIAL COURT'S FINDING OF GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE."
 I {¶ 5} Appellant claims his conviction for domestic violence was against the sufficiency and manifest weight of the evidence. We disagree.
 {¶ 6} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jenks at paragraph two of the syllabus, following Jackson v.Virginia (1979), 443 U.S. 307. On *Page 3 
review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."Martin at 175.
 {¶ 7} Appellant was convicted of domestic violence in violation of R.C. 2919.25(C) which states, "No person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member."
 {¶ 8} Appellant argues there was insufficient evidence to support the jury's finding that Ms. Ridgway believed appellant would cause her "imminent physical harm." In support, appellant argues Ms. Ridgway was able to leave their home and drive down the driveway. No gun was found at the residence, and Ms. Ridgway never saw a weapon.
 {¶ 9} We find despite these arguments, there was sufficient evidence to establish that Ms. Ridgway believed she was in imminent physical harm. Ms. Ridgway testified when she arrived home at 10:30 p.m., appellant awoke and immediately started complaining, "mumbling how disrespectful I have been to him that I didn't call him." T. at 59. Appellant was "just going through the house like a raging inferno." Id. Appellant was screaming at Ms. Ridgway and then started to root around under the bed. T. at 60. *Page 4 
Appellant stated he was looking for his gun. T. at 60-61. Ms. Ridgway's heart started to beat as she was afraid. T. at 61. Appellant left the bedroom, mumbling and ranting and raving. Id. Ms. Ridgway decided to leave. Id. As she was getting dressed, appellant stood in the bathroom doorway, "just sort of exhaling, and he's at attention like a drill sergeant, totally stiff." Id. Ms Ridgway was very afraid. Id. She was aware that appellant owned a gun and it was in the house. T. at 62. Ms. Ridgway was fearful that appellant "was probably going to shoot me." T. at 62-63. Ms. Ridgway was able to leave the house, drive down the driveway, and call police. T. at 63-64.
 {¶ 10} The investigating officers found Ms. Ridgway to be scared, upset, and afraid to go back into the house. T. at 73-74, 90.
 {¶ 11} We find all of these actions, taken in total, substantiate the jury's finding that appellant led Ms. Ridgway to believe she was in imminent physical harm.
 {¶ 12} Upon review, we find sufficient evidence to support the jury's finding of guilty, and no manifest miscarriage of justice.
 {¶ 13} The sole assignment of error is denied. *Page 5 
 {¶ l4} The judgment of the Canton Municipal Court of Stark County, Ohio is hereby affirmed.
 Farmer, J. Hoffman, P.J. and Delaney, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court of Stark County, Ohio is affirmed. *Page 1